# Law Offices of
# Michael Grinblat
# 817 Broadway, Fourth Floor
# New York, NY 10003

Telephone: (347) 796-0712
Facsimile: (212) 202-5130
michael.grinblatesq@gmail.com

May 5, 2019

**BY ECF**

The Honorable Steven M. Gold
United States Magistrate Judge
United States District Court
Eastern District of New York
Chambers 1217
225 Cadman Plaza East
Brooklyn, NY 11201


Re: <u>SEMYON GRINBLAT v. CVS ALBANY, L.L.C., CITIZENS DEVELOPMENT COMPANY, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown</u>
Case No.:   18-cv-6558-ILG-SMG
Motion for Reconsideration


Dear Judge Gold:

    I represent the Plaintiff, Semyon Grinblat, in the above-referenced action and request the Court to reconsider the decision it made on April 24, 2019 for the reasons outlined below.

    During the Telephone Conference, held on April 24, 2019, the attorney for the Defendant, Citizens Development Company, Mr. Frank Giambalvo, made a material misrepresentation. He said to the Court: "we highly doubt that the space is not in conformity with the ADA, considering that the parking lot was built last year." In fact, the parking lot has severely faded paint and significant cracks, including paved patching work. It is extraordinarily unlikely that it was "built last year".

    The Plaintiff's attorneys requested Mr. Giambalvo to correct his misrepresentation four times since the Telephone Conference, citing Rule 3.3(a)(1) of the New York Rules of Professional Conduct and informing him of his affirmative duty to correct his error.

    As a reason for his refusal to correct his error, on April 29, 2019, Mr. Giambalvo wrote to the Plaintiff's attorneys, in an electronic communication, that he "made legal argument to the

<u>SEMYON GRINBLAT v. CVS ALBANY, L.L.C., CITIZENS DEVELOPMENT COMPANY, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown</u>
Case No.:	18-cv-6558-ILG-SMG
May 5, 2019
Page 2

court" that his client doubted that the parking lot was not in compliance with the ADA, because, as a factual matter, the "parking lot structure was built last year."

    This latter assertion is also factually incorrect. There is no parking lot structure on the site in question. It is a simple CVS Pharmacy location, a stand-alone building, with an adjacent parking lot without any parking structure of any kind. During the Telephone Conference, Mr. Giambalvo also referred to the location as a strip mall. That is also incorrect, as the pharmacy and the adjacent parking lot are not part of a strip mall.

    We fear that this material misrepresentation regarding the recent construction of the parking lot was a significant factor in the Court's decision to adjourn the matter, prevent any discovery to take place in the case, and to schedule another status conference eight weeks away.

    We do not believe that the Defendants are acting in good faith. Their supposed reason for not doing anything of substance during the last adjournment – the weather – is not credible as, to the best of my memory, snow only covered the ground in New York City for less than ten days all winter long. In addition, the counsel for the Defendant, Citizens Development Company, is now misrepresenting material facts to the Court.

    Therefore, the Plaintiff's counsel requests the Court to reconsider its decision and allow the Federal Rules of Civil Procedure to govern the litigation, as well as allow a case management order to be entered, including dates for initial disclosures and expert reports, as set forth in the Rules.

    Respectfully submitted,

*Michael Grinblat*
Michael Grinblat, Esq.

cc: All Counsel of Record (via ECF)