# Law Offices of
# Michael Grinblat
# 817 Broadway, Fourth Floor
# New York, NY 10003

Telephone: (347) 796-0712
Facsimile: (212) 202-5130
michael.grinblatesq@gmail.com

July 29, 2019

**BY ECF**

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
Chambers Room 921 South
225 Cadman Plaza East
Brooklyn, NY 11201

Re: SEMYON GRINBLAT v. CVS ALBANY, L.L.C., CITIZENS DEVELOPMENT
    COMPANY, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies,
    Partnerships, Corporations 1-X, entities yet unknown
Case No.:       18-cv-6558-ILG-SMG
Motion for Summary Judgment – Proposed Order

Dear Judge Glasser:

I represent the Plaintiff, Semyon Grinblat, in the above-referenced case. This is an action brought under the Americans with Disability Act and relevant state and city statutes and codes, to compel the property owner and tenant to bring a place of public accommodation into compliance with accessibility mandates set forth by law.

Magistrate Judge Gold recently instructed the Defendants to prepare an expert report detailing what remediation actions were necessary to bring the subject premises into compliance. This report has been received and is attached hereto as Exhibit A. In spite of its clear setting forth of current non-compliance with the law by the Defendants, and in spite of the clear recommendations of the Defendant's, Citizens Development Company's, own expert on how to bring the subject premises into compliance, the Defendants refuse to settle the case.

The Plaintiff therefore seeks leave of this Court to file a dispositive motion for summary judgment, relying on the Defendant's expert report, to establish the facts and requesting this Court to apply the law. The order we seek is attached hereto as Exhibit B. The Plaintiff believes that this course of action will be in the best interests of both justice and judicial efficiency.

SEMYON GRINBLAT v. CVS ALBANY, L.L.C., CITIZENS DEVELOPMENT COMPANY,
JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations
1-X, entities yet unknown
Case No.:      18-cv-6558-ILG-SMG
July 29, 2019
Page 2


      The Plaintiff seeks a conference with this Court to set forth the briefing schedule and set a
hearing date for the forthcoming motion for summary judgment at the Court's earliest
convenience.


                Respectfully submitted,


                *Michael Grinblat*

                Michael Grinblat, Esq.


cc: All Counsel of Record (via ECF)

# EXHIBIT 1



**Accessibility Review**
**CVS**
**72-09 Northern Blvd.**
**Jackson Heights, NY 11372**
**Date of inspection: 5/13/2019**

**I.  Overview**

CVS occupies 72-09 Northern Boulevard, Jackson Heights, New York that was constructed prior to the January 26, 1993 effective date of the 1991 ADA Standards.

Any alterations completed as part of CVS's opening were required to comply with the 2010 ADA Standards unless compliance was *technically feasible* as defined by §106.5, 2010 ADA Standards:

**Technically Infeasible.** With respect to an *alteration* of a *building* or a *facility*, something that has little likelihood of being accomplished because existing structural conditions would require removing or *altering* a load-bearing member that is an essential part of the *structural frame*; or because other existing physical or *site* constraints prohibit modification or *addition* of *elements*, *spaces*, or features that are in full and strict compliance with the minimum requirements.

**II.  About United Spinal Association's Accessibility Services**

United Spinal Association has worked to develop accessibility requirements for their members individuals with spinal cord injury or disease and all people with disabilities since our founding in 1946.  USA's Accessibility Services team of design professionals, certified Accessibility Specialists and Code Enforcement Officials provide consulting services to assist building owners and designers navigate the myriad of city, state and federal accessibility requirements by applying the organization's 70 years of experience in working to develop and interpret federal accessibility requirements including the Americans with Disabilities Act Accessibility Guidelines (ADAAG), Section 504 of the Rehabilitation Act of 1973, the Fair Housing Accessibility Guidelines and the 2010 ADA Standards. A contributor to the accessibility requirements of the International Building Code (IBC) and voting member on the IBC's accessibility standard ANSI A117.1 (American National Standard for Accessible & Usable Buildings).

**III. May 13th, 2019 Inspection**

| Allegation:<br>In Response To:<br>Semyon Grinblat v CVS Albany, L.L.C., Citizens Development Company, et al, located at 72-09 Northern Blvd., Jackson Heights, NY 11372 | United Spinal Association<br>5/13/2019 | Proposed Settlement | Cost | Applicable Citation<br>28 CFR Part 36<br>1991 ADA Standards<br>2010 ADA Standards |
|---|---|---|---|---|
| (49) There are two designated handicapped parking spaces and an access aisle in between them at the Subject Facility. | Two (2) accessible parking spaces have been provided.<br><br>Minimum two (2) accessible parking spaces required Under 1991 ADA Standards<br><br> | | No cost | §4.1.2 (5)(a) – 1991 ADA Standards |
| (50) The Plaintiff's son drove to the Subject Facility with the Plaintiff and parked his vehicle in the left handicapped parking space. It was impermissibly steep. | | Defendant to relocate two (2) accessible parking spaces and access aisle to area providing accessible slope, cross slope | $750 | §502.4, 2010 ADA Standards |
| (51) When the Plaintiff's son | Repeat of allegation #50 | | See item #50 cost- no additional cost | |

2

| Allegation: In Response To: Semyon Grinblat v CVS Albany, L.L.C., Citizens Development Company, et al, located at 72-09 Northern Blvd., Jackson Heights, NY 11372 | United Spinal Association 5/13/2019 | Proposed Settlement | Cost | Applicable Citation 28 CFR Part 36 1991 ADA Standards 2010 ADA Standards |
|---|---|---|---|---|
| placed the wheelchair next to the car's door, in the access aisle, on the right side of the car, to enable the Plaintiff's transfer from the rear of the car to the wheelchair, it rolled backwards. | | | | |
| (52) The Plaintiff's safety was endangered when he rode in the wheelchair, in the accessible route, across the active traffic lanes in the store's parking lot to the store's entrance while cars entered and exited the parking lot. | Repeat of allegation #50 | | See item #50 cost- no additional cost | |
| (54) The Plaintiff's difficulties and inconveniences did not stop there. He then had difficulty transferring from | Repeat of allegation #50 | | See item #50 cost- no additional cost | |

3

| Allegation: In Response To: Semyon Grinblat v CVS Albany, L.L.C., Citizens Development Company, et al, located at 72-09 Northern Blvd., Jackson Heights, NY 11372 | United Spinal Association 5/13/2019 | Proposed Settlement | Cost | Applicable Citation 28 CFR Part 36 1991 ADA Standards 2010 ADA Standards |
|---|---|---|---|---|
| the wheelchair back to the car, as the ground surface of the handicapped parking space and the access aisle was steep. He barely avoided falling and became emotionally distressed as a result. | | | | |
| (67) "Parking *space* identification signs shall include the International Symbol of *Accessibility* complying with 703.7.2.1. Signs identifying van parking *spaces* shall contain the designation "van accessible." Signs shall be 60 inches (1525 mm) minimum above the finish floor or ground surface | | Defendant to provide compliant accessible parking signage for newly relocated parking spaces.  Defendant to provide "van accessible" parking signage to van accessible parking space | $250 | §502.6, 2010 ADA Standards |

| Allegation: In Response To: Semyon Grinblat v CVS Albany, L.L.C., Citizens Development Company, et al, located at 72-09 Northern Blvd., Jackson Heights, NY 11372 | United Spinal Association 5/13/2019 | Proposed Settlement | Cost | Applicable Citation 28 CFR Part 36 1991 ADA Standards 2010 ADA Standards |
|---|---|---|---|---|
| measured to the bottom of the sign." 2010 Standards §502.6. The defendants violated that rule and installed the sign identifying van parking space 54 inches above the ground surface measured to the bottom of the sign. | | | | |
| (68) "Parking spaces and access aisles serving them shall comply with 302. Access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. EXCEPTION: Slopes not steeper than I :48 shall be permitted." 2010 Standards §502.4. Thus, the maximum permissible slope | Repeat of allegation #50 | | See item #50 cost- no additional cost | §502.4, 2010 ADA Standards |

5

| Allegation: In Response To: Semyon Grinblat v CVS Albany, L.L.C., Citizens Development Company, et al, located at 72-09 Northern Blvd., Jackson Heights, NY 11372 | United Spinal Association 5/13/2019 | Proposed Settlement | Cost | Applicable Citation 28 CFR Part 36 1991 ADA Standards 2010 ADA Standards |
|---|---|---|---|---|
| must not be steeper than 2.08%. The defendants grossly violated that rule. The left handicapped parking space, in which the Plaintiffs car was parked, has a slope as steep as 10.85%, which is equivalent to 1 :9.22. The access aisle has a 7.25% slope, which is equivalent to 1: 13.8. The right handicapped parking space has a 7. 7% slope, which is equivalent to 1: 13. | | | | |
| (69) "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles. The | Repeat of allegation #50 | | See item #50 cost- no additional cost | |

6

| Allegation: In Response To: Semyon Grinblat v CVS Albany, L.L.C., Citizens Development Company, et al, located at 72-09 Northern Blvd., Jackson Heights, NY 11372 | United Spinal Association 5/13/2019 | Proposed Settlement | Cost | Applicable Citation 28 CFR Part 36 1991 ADA Standards 2010 ADA Standards |
|---|---|---|---|---|
| exception allows sufficient slope for drainage." 2010 Standards §Advisory 502.4. The surface of the access aisle is impermissibly steep. It has a 7 .25% slope, which is equivalent to 1: 13 .8. As a result, it was extremely difficult for the Plaintiff to transfer from the vehicle to the wheelchair and the other way around. He was barely able to stand up and nearly fell. The wheelchair rolled backwards on the steep surface, further making it difficult for the Plaintiff to transfer to it and control its movement once he was on it. | | | | |

| Allegation:<br>In Response To:<br>Semyon Grinblat v CVS Albany, L.L.C., Citizens Development Company, et al, located at 72-09 Northern Blvd., Jackson Heights, NY 11372 | United Spinal Association<br>5/13/2019 | Proposed Settlement | Cost | Applicable Citation<br>28 CFR Part 36<br>1991 ADA Standards<br>2010 ADA Standards |
|---|---|---|---|---|
| (70) "Floor and ground surfaces shall be stable, firm, and slip resistant and shall comply with 302." 2010 Standards §302.1. The ground surface at the Subject Facility's parking lot is impermissibly steep. In addition, the pavement of the handicapped parking space, access aisle and accessible route is cracked, damaged and uneven. | Repeat of allegation #50 | | See item #50 cost- no additional cost | |
| (71) "Wheel stops are an effective way to prevent vehicle overhangs from reducing the clear width of accessible routes." 2010 Standards § Advisory 502.7. The defendants did not install wheel stops. | Allegation is inaccurate<br><br>Wheel stops are not required the accessible route was not obstructing by vehicles extending into sidewalks. | | No cost | |

8

| Allegation: In Response To: Semyon Grinblat v CVS Albany, L.L.C., Citizens Development Company, et al, located at 72-09 Northern Blvd., Jackson Heights, NY 11372 | United Spinal Association 5/13/2019 | Proposed Settlement | Cost | Applicable Citation 28 CFR Part 36 1991 ADA Standards 2010 ADA Standards |
|---|---|---|---|---|
| As a result, the Plaintiff was not able to ride in his wheelchair in between the fence and the front of the parked cars, in the safe area. Instead, he had to ride in traffic. | | | | |
| (72) "Accessible routes must connect parking spaces to accessible entrances. In parking facilities where the accessible route must cross vehicular traffic lanes, marked crossings enhance pedestrian safety, particularly for people using wheelchairs and other mobility aids. Where possible, it is preferable that the | An accessible route is already provided between location where new accessible spaces, access aisle will be located and building entrance | | No cost | §208.3.1, §402, 2010 ADA Standards |

9

| Allegation: In Response To: Semyon Grinblat v CVS Albany, L.L.C., Citizens Development Company, et al, located at 72-09 Northern Blvd., Jackson Heights, NY 11372 | United Spinal Association 5/13/2019 | Proposed Settlement | Cost | Applicable Citation 28 CFR Part 36 1991 ADA Standards 2010 ADA Standards |
|---|---|---|---|---|
| accessible route not pass behind parked vehicles." Advisory 2010 Standards §502.3. The defendants failed to mark the crossings. In addition, their accessible route crosses traffic lanes. Cars entered and exited the parking lot while the Plaintiff rode in traffic in his wheelchair, which endangered his safety. | | | | |
| (73) "Passenger loading zones shall provide a vehicular pull-up space 96 inches (2440 mm) wide minimum and 20 feet (6100 mm) long minimum." 2010 Standards §503.2 "Passenger loading zones shall provide access | Allegation is inaccurate as there is not a Passenger Loading Zone for able-bodied individuals, triggering an Accessible Passenger Loading Zone | | No cost | §4.1.2 (5)(c) – 1991 ADA Standards |

10

| Allegation:<br>In Response To:<br>Semyon Grinblat v CVS Albany, L.L.C., Citizens Development Company, et al, located at 72-09 Northern Blvd., Jackson Heights, NY 11372 | United Spinal Association<br>5/13/2019 | Proposed Settlement | Cost | Applicable Citation<br>28 CFR Part 36<br>1991 ADA Standards<br>2010 ADA Standards |
|---|---|---|---|---|
| aisles complying with 503 adjacent to the vehicle pull-up space. Access aisles shall adjoin an accessible route and shall not overlap the vehicular way." 2010 Standards §503.3 "Access aisles serving vehicle pull-up spaces shall be 60 inches (1525 mm) wide minimum." 2010 Standards §503.3.1 "Access aisles shall extend the full length of the vehicle pull-up spaces they serve." 2010 Standards §503.3.2 "Access aisles shall be marked so as to discourage parking in them." 2010 Standards §503.3.3 The defendants | | | | |

| Allegation: In Response To: Semyon Grinblat v CVS Albany, L.L.C., Citizens Development Company, et al, located at 72-09 Northern Blvd., Jackson Heights, NY 11372 | United Spinal Association 5/13/2019 | Proposed Settlement | Cost | Applicable Citation 28 CFR Part 36 1991 ADA Standards 2010 ADA Standards |
|---|---|---|---|---|
| violated these rules. They failed to provide a loading zone and an access aisle. | | | | |

**End of Report**

12

# EXHIBIT 2

**Michael Grinblat** (4159752)
Law Offices of Michael Grinblat
817 Broadway, Fourth Floor
New York, NY 10003
Tel:  (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com
*Attorney for the Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SEMYON GRINBLAT**, individually and on behalf of all others similarly situated, | **[PROPOSED]** |
| Plaintiff, | **ORDER** |
| -against- | |
| **CVS ALBANY, L.L.C., CITIZENS DEVELOPMENT COMPANY, JOHN DOE 1-X**, persons yet unknown, **Limited Liability Companies, Partnerships, Corporations 1-X**, entities yet unknown, | **CASE NO.: 18-cv-6558-ILG-SMG** **JUDGE I. LEO GLASSER** **MAGISTRATE JUDGE STEVEN M. GOLD** |
| Defendants. | |

With the stipulation and agreement of all parties to this civil action, the Court, having reviewed the Expert Report submitted by the Defendant, CITIZENS DEVELOPMENT COMPANY, finds that the Defendant is in violation of §302.1, §502.4 and §502.6, as promulgated and implemented by the 2010 ADA Standards for Accessible Design (hereinafter "2010 Standards").

1

The Defendant's, CITIZENS DEVELOPMENT COMPANY's expert set forth a remediation plan, which includes the relocation of two accessible parking spaces and an access aisle to an area in a new location, which provides a slope and cross slope compliant with §502.4 of the 2010 Standards. The expert also noted that accessible parking signage, compliant with §502.6, would need to be procured and placed for the newly relocated parking spaces.

IT IS ORDERED THAT the Defendants are to comply with the Defendant CITIZENS DEVELOPMENT COMPANY's expert's report by implementing the remediation to bring CVS Pharmacy, and its parking lot, located at 72-09 Northern Blvd., Jackson Heights, NY 11372, (hereinafter the "Subject Facility") into compliance with the ADA Standards within 120 days of the date of this Order, specifically:

      a.  Relocate two accessible parking spaces and an access aisle to an area which provides a slope and cross slope compliant with §502.4 of the 2010 Standards; and,

      b.  Place accessible parking signage, compliant with §502.6 of the 2010 Standards, at the newly relocated parking spaces.

IT IS FURTHER ORDERD THAT upon the sooner of the completion of the remediation work, or within 150 days of the date of this Order, the Plaintiff may enter the Subject Facility and examine the newly created accessible parking spaces to ascertain whether they are in compliance. If the Plaintiff then contends that the remediations made by the Defendant are inadequate to accomplish compliance with 2010 ADA Standards, he shall file an expert report setting forth the basis for his position within 45 days after his inspection. Failure to do so will be construed as

agreement that ADA compliance has been achieved by execution of the Defendant's, CITIZENS

DEVELOPMENT COMPANY's remediation plan.

      IT IS FURTHER ORDERD THAT, because the Subject Facility was not in compliance

with §302.1, §502.4 and §502.6 of 2010 ADA Standards, and because the Plaintiff has acted as a

catalyst in bringing the Defendants' Subject Facility into compliance, pursuant to the ADA, 42

U.S.C.A. §12205, 28 CFR §36.505, New York Executive Law §297(10) and the New York City

Human Rights Law, NYC Admin. Code §8-502(g), the Defendants are liable to the Plaintiff for

attorney's fees and costs, to be shown by Declaration of Attorney's Fees and Costs, within 30 days

of this Order, and supplemented, from time to time thereafter, as necessary.


IT IS SO ORDERED.

Signed: _____, 2019



_____
I. Leo Glasser
United States District Court Judge


[Stipulated Signatures Below]

Stipulated to and agreed to

Signed: _____, 2019

_____
Michael Grinblat, Esq. (4159752)

Attorney for the Plaintiff
Law Offices of Michael Grinblat
817 Broadway, Fourth Floor
New York, NY 10003
Tel: (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com

Signed: _____, 2019                    Signed: _____, 2019

_____              _____
Erik P. Pramschufer, Esq.                       Francis J. Giambalvo, Esq.

SAUL EWING ARNSTEIN & LEHR LLP                  GORDON      REES      SCULLY
                                                MANSUKHANI LLP

1270 Avenue of the Americas, Suite 2005         1 Battery Park Plaza, 28th Floor
New York, NY 10020                              New York, NY 10004
Tel: (212) 980-7216                             Tel: (212) 269-5500
erik.pramschufer@saul.com                       Fax: (212) 269-5505

*Attorneys for Defendant*                       *Attorneys for Defendant*
*CVS Albany, L.L.C.*                            *Citizens Development Company*

4